# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| INDIANAPOLIS PUBLIC SCHOOLS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CAUSE NO. 1:10-cv-148-WTL-MJD |
| ) | |
| M.B., by his parent and next friend ROSILYN ) | |
| B., ) | |
| ) | |
| Defendant. ) | |

## ENTRY ON CROSS-MOTIONS FOR SUMMARY JUDGMENT

Defendant M.B. is a student who resides within the Indianapolis Public School District ("IPS"). During his third grade year, M.B. was identified as having an emotional disability; one manifestation of his disability is disruptive behavior at school. Pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et seq., IPS is required to provide disabled students, including M.B., with a free appropriate public education ("FAPE"). A FAPE must be "specially designed to meet the unique needs of the handicapped child, supported by such services as are necessary to permit the child to benefit from the instruction." *Board of Educ. of Hendrick Hudson Cent. Sch. Dist. v. Rowley*, 458 U.S. 176, 179 (1982). "Where a state fails to satisfy this statutory mandate, parents have a right to reimbursement for private school tuition." *Todd v. Duneland School Corp.*, 299 F.3d 899 (7th Cir. 2002) (citing *Burlington v. Dep't of Educ. of Mass.*, 471 U.S. 359, 370 (1985)).

While M.B. does not have a learning disability or intellectual deficit, his behavior problems at school adversely affected his academic progress. During M.B.'s fourth and fifth grade years, IPS provided M.B. with a variety of services that were intended to help him improve his behavior and consequently improve his academic performance. In addition, after

M.B. failed a portion of the ISTEP, IPS provided M.B. with a teacher who worked with him one-on-one during a portion of the summer following his fifth grade year in order to ensure that he was academically prepared for sixth grade.

M.B.'s grandmother, C.W.,[1] was dissatisfied with several aspects of the education that IPS provided to M.B. Believing that IPS had not provided M.B. with a FAPE during his fourth and fifth grade years and that sixth grade would simply be more of the same, C.W. enrolled M.B. in parochial school for sixth grade and sought reimbursement for his tuition from IPS. After a hearing, an independent hearing officer granted the request. The Board of Special Education Appeals affirmed that ruling. IPS now appeals.

This Court is tasked with reviewing the decision of the administrative agency in this case pursuant to 20 U.S.C. § 1415(i)(2)(C), which requires the Court to "receive the records of the administrative proceedings"; "hear additional evidence at the request of a party"; and "basing its decision on the preponderance of the evidence . . . grant such relief as the court determines is appropriate." Neither party has asked the Court to hear additional evidence in this case; rather, the parties have submitted the administrative record and have filed cross-motions for summary judgment. In this context, the parties' motions are not traditional summary judgment motions, but "simply the procedural vehicle for asking the judge to decide the case on the basis of the administrative record." *Todd*, 299 F.3d at 904 (citation omitted).

---

[1] The proceedings below were brought in the name of M.B.'s mother, but were actually pursued by M.B.'s grandmother, who has been a passionate advocate for M.B. and has worked tirelessly to ensure that he receives the services he needs and the education to which he is entitled.

"[B]ecause courts lack special expertise in the area of educational policy, we must give 'due weight' to the results of the administrative decision and should not substitute our own notions of sound educational policy for those of the school authorities whose decisions we review." *Id.* Where, as here, review is based solely on the administrative record, with regard to issues of fact the Court "owes considerable deference to the hearing officer, and may set aside the administrative order only if it is 'strongly convinced that the order is erroneous.' This level of review is akin to the standards of clear error or substantial evidence." *Alex R. v. Forrestville Valley Comm. Unit School Dist. #221*, 375 F.3d 603, 611 (7th Cir. 2004) (quoting *School Dist. v. Z.S.*, 295 F.3d 671, 675 (7th Cir.2002)). However, the hearing officer's decision is entitled to no deference with regard to issues of law. *Id.*

For reasons that ultimately are irrelevant to the disposition of this case, the hearing officer found that IPS's attempt to provide M.B. with a FAPE during his fourth and fifth grade years failed in several respects.[2] That finding was not sufficient to support an award of tuition reimbursement, however. "Parents . . . who unilaterally change their child's placement without state or local school officials' consent are 'entitled to reimbursement only if a federal court concludes *both* that the public placement violated the IDEA *and* that the private school placement was proper under the Act.'" *Todd*, 299 F.3d at 905 (quoting *Florence County Sch. Dist. Four v. Carter*, 510 U.S. 7, 15 (1993) (emphasis added)). The hearing officer did not properly apply the second prong of this two-prong test; rather, she treated the question of whether M.B.'s private school placement was appropriate as simply a factor to be considered in

---

[2]The Court need not, and therefore does not, make any determination regarding the hearing officer's findings on that issue.

3

her analysis, rather than a prerequisite to awarding tuition reimbursement. Her only discussion of the issue was as follows:

> In this case, the first factor was the subject of evidence and testimony but the second factor (appropriateness of the private school placement) was not assessed other than the testimony of [C.W.] who said she was pleased with the current placement and [M.B.'s] grades.

Due Process Hearing Decision at 11.[3]

The hearing officer's statement is correct. The only evidence on the record regarding the propriety of the education M.B. is receiving in his private school is C.W.'s testimony. She testified that shortly after the school year began she was told by the principal that "she had 30 hours of supportive services that she could bring in and assist [M.B.] in language arts if that was a need" and that those "supportive services" would be provided by a "resource teacher," which is a "teacher that's not assigned to a class, but gives special help to students who are struggling in certain areas." Transcript at 113-14. C.W. further testified that M.B. was not receiving any additional services from his private school because "they've not become necessary" and that the grades on his first report card from his private school were better than the grades he had received at IPS.

This testimony is wholly inadequate to support a finding that M.B.'s private school placement is appropriate. The Court finds persuasive the holdings of the Sixth and First Circuits on this issue: "[A] unilateral private placement cannot be regarded as 'proper under the [IDEA]' when it does not, at a minimum, provide some element of special education services in which the

---

[3]The Board of Special Education Appeals' only discussion of the issue consisted of the statement that the hearing officer's "conclusion regarding the appropriateness of the nonpublic placement is marginal, but present." Board Decision at 11.

public school placement was deficient." *Berger v. Medina City School Dist.*, 348 F.3d 513, 523 (6th Cir. 2003); *accord Mr. I v. Maine School Admin. Dist.*, 480 F.3d 1 (1st Cir. 2007). The administrative record in this case contains no evidence that M.B.'s private school is providing any of the services that C.W. and the hearing officer believed IPS should have provided him; indeed, the record contains no evidence that he is receiving *any* special education services from his private school. C.W. did testify that the private school offered to make certain services available if needed, but those services amounted to extra tutoring in his academic subjects, not services to address his emotional disability. While it fortunately appears that M.B. is doing quite well at his new school, "evidence of academic progress at a private school does not itself establish that the private placement offers adequate and appropriate education under the IDEA." *Berger*, 348 F.3d at 522. Rather, the IDEA requires an identification of the special education services that were lacking in the disabled student's public school and a demonstration that at least some of those services are being provided by the private school. That showing is lacking here.

Because there is simply no evidence on which the Court could base a finding that M.B.'s private school placement was proper under the IDEA, and such a finding was necessary in order to grant the Defendant's request for tuition reimbursement, the Court must set aside the decision below and find in favor of IPS. Accordingly, IPS's motion for summary judgment is **GRANTED** and the Defendant's motion for summary judgment is **DENIED**.

SO ORDERED: January 25, 2011

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification